Westgate v. Aschenbrenner.

*Replevin — Alleged Sale — Evidence — Instructions—Stenographer's Notes.*

1.  In an action of replevin, this court holds, the jury having been correctly instructed, and the evidence supporting the verdict, that the judgment for the plaintiff must be affirmed.

2.  Upon petition for rehearing, where the petitioner complained that a point of law had been overlooked by the court, *held*, that as the point in question had not been presented by the instructions asked in the court below, it was not to be considered here.

3.  Although an instruction may be erroneous considered as an abstract statement of law, yet where the court can see that the jury were not misled, the judgment will not, on account of such error, be reversed.

[Opinion filed December 22, 1890.]

Appeal from the Circuit Court of Lee County; the Hon. John D. Crabtree, Judge, presiding.

Messrs. DIXON & BETHEA, for appellant.

Messrs. R. S. FARRAND and J. E. LEWIS, for appellee.

· *Per Curiam.* This case was a suit in replevin to recover the possession of a road-cart, which, as appellee claimed, he had sold and delivered to appellant for $30, which was to be paid for on delivery or the next morning, and the purchase price not being paid as agreed, the appellee brought the suit. It is the counterpart of the same transaction litigated in appellant against appellee and reported in this volume, page 266. The same complaint is made that the evidence fails to support the verdict. We think it sufficiently supports it, and there was no error committed by the jury. It was correct for the court to refuse to allow the stenographer's notes to be read to the jury as a part of the evidence to refresh the jury's mind as to what the evidence was. ·

It was not error under the circumstances in this case to limit the number of appellant's impeaching witnesses.

Seeing no error the judgment is affirmed.

*Judgment affirmed.*

---

*Upon Rehearing.*

[Opinion filed June 23, 1891.]

*Per Curiam.* We have examined the appellant's petition for rehearing and the points made. It is complained that the court has not noticed all the points made in appellant's brief. This may be, but we had fully considered them and find nothing after re-examination in the petition to change our minds as to the rightfulness of the judgment of affirmance. It is claimed in the petition for rehearing that there was a law point in the case that this court failed to notice, to wit: That the law is that where property is sold and delivered on credit, that the vendor parts with the title, so that replevin will not lie. This may be admitted to be the law as a general rule, but this point of law was not raised, or attempted to be

raised, by instructions offered by appellant and refused or given to the jury. The questions of the supposed sale and the delivery of possession, whether conditional or otherwise, was one of fact for the jury to pass upon, uninfluenced by instructions. For anything this court can know, the jury found from the evidence that the delivery of the cart was only conditional on the part of appellee, without intention of parting with the title without payment. If it so found, the contention of appellant falls to the ground. It is complained by appellant that appellee's fourth instruction is erroneous, in telling the jury that "in case defendant refused to perform his part of the contract concerning the sale of the property in question with intent to abandon it, etc., that the plaintiff had a right to treat said contract as rescinded," etc.

This instruction as a mere proposition of law might not be entirely accurate, but when applied to the undisputed facts concerning the appellant's insistence of what the contract was, and his entire repudiation as to the claim of original sale made by appellee, we can not think the jury could be misled, and would undoubtedly refer the instruction as pointing to the claim of appellant, as the claim of sale to him of the cart by appellee, and his refusal to carry out or agree to any such supposed sales, and this will be clearer when read in connection with the modification to appellant's offered instruction, which reads : "This would be so unless the jury believes from the evidence that a time was fixed by the parties for the payment of the purchase price, and at the time so fixed the defendant repudiated the contract and denied having purchased the cart, in which event the plaintiff would have a right to rescind and could then maintain replevin for the cart."

It will be remembered that on the trial appellant entirely denied that there was any sale of the cart, and insisted that he traded a top buggy for the cart and two cows, and he therefore repudiated any claims of sale. Undoubtedly there was a misunderstanding of the parties as to the sale of the cart, and a denial on appellant's part that there was a sale. The instructions and modifications could only refer to this fact,

and in such case it was not error to instruct the jury that appellee might acquiesce in appellant's claim and recover the cart. In addition to this we think the evidence clearly supports the verdict, and that justice has been done. We can not see how any other verdict could have been returned properly in the case.

*Petition for rehearing denied.*